IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CANAL INSURANCE COMPANY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 06-0727-WS-M |
| | ) |
| **ROBERT SHANE MORGAN,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter comes before the Court on the Motion to Dismiss or, in the Alternative, to Stay (doc. 7) and the Amendment to Motion to Dismiss or, in the Alternative, to Stay (doc. 10) filed by defendants Tina Huckabee and Phillip Huckabee.  The other defendant in this action, Robert Shane Morgan d/b/a Tallahatta Springs Trucking, filed a Joinder in the Motion (doc. 9); therefore, the instant Motion to Dismiss is effectively brought by all defendants.  The Motion has been briefed and is ripe for disposition at this time.

**I.     Background.**

On the morning of September 21, 2004, defendant Tina Huckabee ("Ms. Huckabee") was assisting defendant Robert Shane Morgan ("Morgan") in delivering and selling ice to businesses in Jackson, Alabama, in the wake of Hurricane Ivan.  When Ms. Huckabee disembarked from the tractor trailer driven by Morgan to move a shopping cart in the parking lot of a business, the tractor trailer allegedly ran over her, causing physical and emotional injuries.  At the time of this incident, Morgan had automobile insurance coverage through plaintiff Canal Insurance Company ("Canal").

Based on these events, Ms. Huckabee and her husband, Phillip Huckabee ("Mr. Huckabee"), filed suit against Morgan in the Circuit Court of Clarke County, Alabama, on April 27, 2006, alleging state law causes of action for negligence and wantonness.  Canal was not initially named as a party in the Clarke County litigation.

Six months later, on October 31, 2006, Canal initiated the instant declaratory judgment action

in federal court by filing the Complaint (doc. 1), naming Morgan and the Huckabees as defendants. The sole relief requested in the Complaint was a declaratory judgment as follows: (a) a declaration that the Basic Automobile Liability Policy (the "Policy") issued by Canal to Morgan and in effect in September 2004 did not afford coverage for the accident because of various Policy exclusions and endorsements; (b) a declaration that Canal owes no duty to defend or indemnify Morgan in the Clarke County action; and (c) a declaration that, to the extent Canal is obligated to defend and/or indemnify Morgan, its liability cannot exceed the stated occurrence limit in the declarations section of the Policy.

In the meantime, however, the Clarke County litigation brought by the Huckabees against Morgan in April 2006 has gone forward. On November 15, 2006, approximately two weeks after this federal declaratory judgment action commenced, Morgan filed a third party complaint against Canal in the Clarke County action, requesting a declaration that Canal owes coverage to Morgan under the Policy for the September 2004 accident, and also seeking a declaration that Canal is obligated to defend and indemnify Morgan in that action. On December 8, 2006, the Clarke County Circuit Court granted Morgan leave to file that third party complaint and pursue such causes of action against Canal in that litigation.

At present, then, identical insurance coverage issues relating to the Policy are being litigated in both the Clarke County action and the instant declaratory judgment action. Defendants' Motion to Dismiss raises the important question of whether the state and federal lawsuits should be permitted to proceed along parallel tracks, deciding the same insurance coverage issues, or whether the federal action should be dismissed or stayed pending the resolution of these identical issues in the Clarke County case. Defendants maintain that the same coverage issues are pending in both lawsuits, that those coverage issues are governed by Alabama law, that the coverage issues can be more effectively and efficiently resolved in the Clarke County action, and that the exercise of federal jurisdiction over this dispute would risk unnecessary commitment of scarce judicial resources, multiplicative expenditures by the parties, inconsistent rulings, and a lack of regard for the state court's authority.

**II.     Legal Standard.**

Canal's claims in this action were brought pursuant to 28 U.S.C. §§ 2201 *et seq.*, seeking a

declaration of the parties' "rights, duties, status and legal relations ... under the applicable policy of insurance." (Complaint, at 18.)  It is well-settled that the Declaratory Judgment Act is properly "understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995).  Indeed, the Supreme Court has "repeatedly characterized the Declaratory Judgment Act as an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Id.* at 287 (citations omitted).  As the Eleventh Circuit has observed, the Act "only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005).  "The desire of insurance companies ... to receive declarations in federal court on matters of purely state law has no special call on the federal forum." *State Auto Ins. Companies v. Summy*, 234 F.3d 131, 136 (3rd Cir. 2000); *see also Prudential Ins. Co. of America v. Doe*, 140 F.3d 785, 789 (8th Cir. 1998) ("The Supreme Court's decision in *Wilton* ... vests the district courts with broad discretion in deciding whether to hear a declaratory judgment action.").

     Consistent with the foregoing, it has long been recognized in this Circuit that a district court has discretion to "decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will fully resolve the controversy between the parties." *Ven-Fuel, Inc. v. Department of the Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982).[1]  In *Ameritas*, the Eleventh Circuit reinforced *Ven-Fuel* and furnished district courts with guidance in how to wield their discretion under the Declaratory Judgment Act where there are parallel state proceedings.  The *Ameritas* court emphasized that district courts must balance the interests of federalism, comity, and efficiency in determining whether to hear a declaratory judgment action when confronted with a parallel state action.

---

[1] *Ven-Fuel* is in line with extant Supreme Court jurisprudence.  More than 60 years ago, the Supreme Court opined that it would be both "uneconomical" and "vexatious" for a federal district court to proceed with a declaratory judgment action, concurrently with ongoing proceedings involving the same parties and same legal issues (not arising under federal law) in state court.  *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942).  The *Brillhart* Court admonished lower courts scrupulously to avoid what it termed "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation." *Id.*

411 F.3d at 1330-31.[2]  To assist district courts in this endeavor, the *Ameritas* court promulgated a non-exhaustive set of "guideposts" to be considered, including: (i) the state's interest in deciding the matter; (ii) whether a judgment in the federal action would completely resolve the controversy; (iii) whether the declaratory judgment action would clarify the parties' legal relations; (iv) whether the federal action is a form of "procedural fencing" being utilized "to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case not otherwise removable"; (v) whether a ruling in the federal action would increase friction between federal and state courts or otherwise encroach on state proceedings; (vi) whether a superior alternative remedy exists; (vii) whether underlying facts are important to informed resolution of the matter; (viii) whether the state court is better situated than the federal court to evaluate those facts; and (ix) the nexus (if any) between the underlying issues and state law/policy, and whether federal common or statutory law requires resolution of the declaratory action. *See id.* at 1331; *see also Lexington Ins. Co. v. Rolison*, 434 F. Supp.2d 1228, 1238-44 (S.D. Ala. 2006) (applying *Ameritas* guideposts in context of declaratory judgment action filed by insurer after entry of state court judgment against putative insured).[3]

## III.    Analysis.

### A.    *The* Ameritas *Guideposts.*

Somewhat surprisingly, given their obvious importance to the Motion to Dismiss, neither side offers a comprehensive, factor-by-factor discussion of the *Ameritas* guideposts.  Nonetheless, independent scrutiny reveals that those guideposts militate strongly in favor of declining to exercise

---

[2]    These considerations have been echoed by other appellate courts.  *See, e.g., Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (federal court "should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation"); *Mitcheson v. Harris*, 955 F.2d 235, 237-39 (4th Cir. 1992) (citing as reasons to dismiss declaratory actions the philosophy of judicial federalism, as well as pragmatic concerns of efficiency and comity).

[3]    In *Manuel v. Convergys Corp.*, 430 F.3d 1132 (11th Cir. 2005), the Eleventh Circuit reiterated that the decision to hear a declaratory judgment action is discretionary, that there can be no rigid or mechanical application of the Declaratory Judgment Act, and that a vast spectrum of considerations is available to district courts deciding whether to hear such an action.  *See id.* at 1135, 1137-38.

jurisdiction here.  The first *Ameritas* factor concerns "the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts."  411 F.3d at 1331.  The legal issues presented in this case are exclusively Alabama state law issues concerning interpretation of an insurance policy issued to an Alabama citizen with respect to an automobile accident that occurred in Alabama and that allegedly injured an Alabama citizen.  Alabama clearly has a significant interest in having its state courts resolve these matters.  Second, *Ameritas* looks to "whether the judgment in the federal declaratory action would settle the controversy."  *Id.*  It plainly would not.  Irrespective of how the insurance coverage issues are decided, the Clarke County litigation will need to proceed as to the Huckabees' claims against Morgan for negligence and wantonness, which are not joined in this declaratory judgment action and cannot be decided herein.  Thus, exercising federal jurisdiction here would virtually guarantee that the issues in dispute would be resolved piecemeal in two different fora.

The third *Ameritas* guidepost is "whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue."  *Id.*  Certainly, disposition of this federal action would effect a clarification of the insurance coverage questions as between Canal and Morgan; however, this benefit is mitigated by the fact that the Clarke County Circuit Court is fully equipped to resolve these questions and provide this clarification as well.  The ability to clarify the legal relationships involved is in no way unique to this federal declaratory action.  Fourth, *Ameritas* provides that courts should consider "whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' - that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable."  *Id.*  There are some indications that this is occurring here.  After all, the Clarke County action could not be properly removed to federal court given the lack of diversity as between the Huckabees and Morgan.  Accordingly, the only way that Canal could achieve a federal hearing would be to bring a declaratory judgment action, which it did.  This appearance of procedural fencing favors the non-exercise of jurisdiction here.

Next, *Ameritas* inquires "whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction."  *Id.*  It absolutely would, given the tension inherent in having near-identical litigation pending in both federal and state

courts, such that the first court's ruling on a particular issue may have res judicata effect on the second court's ability to hear and decide the same issue, even if the second court disagrees with the first court's determinations.  The sixth *Ameritas* guidepost is "whether there is an alternative remedy that is better or more effective."  *Id.*  There is.  In the posture of this case, litigating the coverage issue in the Clarke County action exclusively is a vastly superior remedy to conducting double-tracked litigation in two courts.  Canal can fully litigate its coverage questions against Morgan and the Huckabees in the existing Clarke County proceedings, with both coverage and liability issues to be decided by the same court in an integrated manner without federal interference.  Simply put, the Clarke County action can more effectively and efficiently decide the overlapping issues in these cases because that action encompasses the parties' entire dispute, including both coverage and liability, as opposed to the narrow slice presented in this declaratory judgment action.

Combining the seventh and eighth *Ameritas* factors, the Court examines "whether the underlying factual issues are important to an informed resolution of the case" and, if so, "whether the state trial court is in a better position to evaluate those factual issues than is the federal court."  *Id.*  Both of these questions are answered in the affirmative.  Application of the Policy exclusions and endorsements to the Huckabees' claims cannot be evaluated without an in-depth study of what actually transpired on September 21, 2004.  The Clarke County Circuit Court will already be examining those events in connection with the Huckabees' claims against Morgan, so that court would not need to review them anew to resolve the insurance coverage issues.  Rather than having two courts duplicate effort in scrutinizing and assessing the underlying facts, a far more sensible and efficient approach is for the state court that is already tasked with examining those facts in the underlying case to apply those same facts to the pending claims for declaratory relief.

Ninth and finally, *Ameritas* directs district courts to consider "whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action."  *Id.*  This factor unambiguously weighs in favor of abstention.  Canal's Complaint raises exclusively state law issues and implicates exclusively state law public policies, with no reference whatsoever to federal common or

statutory law.

Considered collectively, then, the *Ameritas* guideposts weigh heavily in favor of declining to exercise jurisdiction.  Taking to heart *Wilton*'s concerns of "practicality and wise judicial administration," the Court finds that those virtues would be poorly served by retaining jurisdiction here, inasmuch as the same exclusively state law issues presented in this case are presently being litigated by the same parties in a parallel state court proceeding, this action includes only a subset of the matters being litigated in the state court, and it appears that all parties to this action will have full and adequate recourse to litigate all legal issues presented herein in the Clarke County proceedings.  *See Wilton*, 515 U.S. at 283 (suggesting that abstention determination ought to consider whether claims of all parties in interest can satisfactorily be adjudicated in state court proceeding).  Accordingly, the Court will decline to exercise jurisdiction here.

### B.     *Canal's Argument.*

In opposing defendants' Motion to Dismiss, Canal's sole contention is that Morgan's third party complaint in the Clarke County litigation was improperly filed in derogation of the requirement of Rule 14, Ala.R.Civ.P., that leave of court be obtained before the filing of a third party complaint more than 10 days after service of the third party plaintiff's original answer.  Because the third party complaint was improper, Canal argues, dismissal of that filing would be appropriate, which in turn would exclude Canal from the state court litigation and eliminate the overlap between the state and federal suits.

Whatever merit it might have had, Canal's argument has been mooted by intervening events.  To the extent that Morgan's third party complaint in the state court action was procedurally flawed, this defect has been corrected or otherwise excused by the state court.  Indeed, the Clarke County Circuit Court entered an order on December 8, 2006 expressly authorizing Morgan to proceed with his third party complaint in the state court action.  Accordingly, it is clear that Canal is a party in the Clarke County action and that the insurance coverage issues presented in this federal action are also pending before the state court.  Canal's contention that procedural impropriety in the filing of Morgan's third party complaint in state court dictates that federal jurisdiction be exercised here is unavailing.

### C. Remedy.

Having determined that *Wilton* discretion is in play, and having applied the *Ameritas* guideposts to conclude that abstention will promote the interests of practicality, comity and efficient, wise administration of justice, the Court now must decide whether to dismiss or stay this action. The undersigned has previously opined that dismissal, rather than a stay, is appropriate where: (1) there is neither evidence nor suggestion that a time bar might thwart the insurer's attempt to bring a declaratory judgment action if the state case, for any reason, fails to resolve the matter in controversy; and (2) granting a stay might create incentives for forum-shopping and piecemeal litigation, as the insurer might seek to derail litigation of the coverage claims in the state court action in hopes of litigating those matters in federal court following the lifting of the stay. *Rolison*, 434 F. Supp.2d at 1246. Both considerations are present here. Accordingly, in the absence of countervailing argument by the parties, this action will be dismissed, rather than stayed.

### IV. Conclusion.

For all of the foregoing reasons, defendants' Motion to Dismiss (doc. 7) is **granted**. This action is hereby **dismissed without prejudice** pursuant to *Wilton*/*Brillhart* abstention, to enable the parties to litigate all issues pertaining to this dispute in the parallel lawsuit currently pending in Clarke County Circuit Court. A separate judgment will enter.

DONE and ORDERED this 19th day of January, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE